**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KYLE WAYNE ISAACS,

    Defendant - Appellant.

No. 23-5017
(D.C. No. 4:08-CR-00011-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

In 2008, Defendant-Appellant Kyle Wayne Isaacs pled guilty to possession

with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii),

and possession of a firearm in furtherance of drug trafficking crimes, 18 U.S.C.

§ 924(c)(1)(A).  I R. 13.  He was sentenced to 211 months' imprisonment, later

reduced to 190 months, and five years' supervised release.  Id. at 14–15, 48.  While

on supervised release, Mr. Isaacs violated several conditions, his supervised release

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

was initially modified and subsequently revoked, and he was sentenced to an additional period of 24 months' imprisonment and 36 months' supervised release. <u>Id.</u> at 49–54, 82–84. Mr. Isaacs's appellate counsel has filed an <u>Anders</u> brief and seeks to withdraw due to lack of reasonable grounds for appeal. Aplt. Br. at 1–2; <u>see</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we grant counsel's motion to withdraw and dismiss the appeal.

## Background

Mr. Isaacs began supervised release on September 22, 2021. I R. 49. In April 2022, his supervised release was first modified to include 90 days' home detention. <u>Id.</u> at 50. In December 2022, his supervised release was again modified to include a jail sanction from December 12, 2022, to January 9, 2023, after he tested positive for alcohol, THC, and methamphetamine use, and after two different women filed protective orders against him. <u>Id.</u> at 52–53. In each instance, Mr. Isaacs waived his right to a hearing and assistance of counsel and agreed to the modifications. <u>Id.</u> at 51, 54.

The day before Mr. Isaacs was set to surrender to U.S. Marshals for his jail sanction, he was arrested for domestic assault and battery with a deadly weapon against one of the women with a protective order against him. <u>Id.</u> at 77–78. As a result, Mr. Isaacs's probation officer petitioned the court to revoke his supervised release based on the following violations: committing a crime (the domestic assault

2

and battery), being untruthful with a probation officer and not following the officer's instructions, and unlawfully possessing controlled substances. Id. at 56–58. Mr. Isaacs spent the time between his arrest on December 11, 2022, and his revocation hearing on February 16, 2023, in jail. II R. 22–23. At the revocation hearing, the district court revoked Mr. Isaacs's previous supervised release after he admitted that he disobeyed probation officer instructions and tested positive for methamphetamine and THC, and after the court found by a preponderance of the evidence that Mr. Isaacs committed a new violation of the law. I R. 82; II R. 26. Mr. Isaacs's hearing counsel specifically requested that the outstanding jail sanction be revoked, and the district judge vacated it. II R. 22–23, 27. He was resentenced to 24 months' imprisonment and 36 months' supervised release. I R. 83–84.

Appealing from the district court's revocation and new sentence, Mr. Isaacs and hearing counsel raised the following issues in a docketing statement: (1) the district court lacked jurisdiction to vacate the jail sanction and (2) the government failed to prove that Mr. Isaacs committed domestic assault and battery at the revocation hearing. Docketing Statement, United States v. Isaacs, No. 23-5017 (10th Cir. Feb. 22, 2023). Mr. Isaacs's hearing counsel subsequently withdrew, and new appellate counsel was appointed. Mr. Isaacs's appellate counsel filed an Anders brief, stating the appeal was frivolous because Mr. Isaacs's appeal of the district court order vacating the jail sanction could only hurt Mr. Isaacs by potentially increasing his existing prison sentence. Aplt. Br. at 1, 11, 13–14. The brief did not contest the sufficiency of the evidence to revoke supervised release. Mr. Isaacs was

notified of his appellate counsel's <u>Anders</u> brief and received paper copies, <u>see</u> 10th

Cir. R. 46.4(B), but he has submitted no response.

Upon receiving an <u>Anders</u> brief, we "conduct a full examination of the record

to determine whether defendant's claims are wholly frivolous." <u>United States v.</u>

<u>Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005).  If we agree with counsel, we will

grant the request to withdraw and dismiss the appeal.  <u>Anders</u>, 386 U.S. at 744.

**Discussion**

We review a revocation of supervised release for abuse of discretion, findings

of fact for clear error, and legal questions de novo.  <u>United States v. Barela</u>, 807 F.

App'x 797, 799–800 (10th Cir. 2020) (citing <u>United States v. Ruby</u>, 706 F.3d 1221,

1225 (10th Cir. 2013)).  The burden of proof at a revocation hearing is a

preponderance of the evidence.  <u>See</u> <u>Johnson v. United States</u>, 529 U.S. 694, 700

(2000); 18 U.S.C. § 3583(e)(3).  After reviewing the record, we conclude there are no

nonfrivolous arguments for appeal.

In the docketing statement, Mr. Isaacs argues the government failed to prove

that he committed a new crime to justify revocation of his supervised release.

Docketing Statement at 4.  His appellate counsel did not revive this argument in the

<u>Anders</u> brief[1] and with good reason.  The district court relied on the probation

officer's testimony and the police report from the December 11 incident to conclude

---

[1] Issues raised in the docketing statement but omitted in the opening brief are waived.  <u>See</u> <u>Pino v. Higgs</u>, 75 F.3d 1461, 1463 (10th Cir. 1996).

by a preponderance of the evidence that Mr. Isaacs committed assault and battery in violation of his supervised release.  II R. 14–19.[2]  Mr. Isaacs's counsel introduced no hard evidence showing that the government failed to meet its burden, only suggesting that police reports are sometimes unreliable.  Id. at 20–22.  Ample evidence supports the district court's finding.

Mr. Isaacs next argues that the district court lacked the authority to vacate the jail sanction on its own motion.  Aplt. Br. at 11, 12–13.  At the outset, we disregard "[a]ny error, defect, irregularity, or variance that does not affect substantial rights[.]" Fed. R. Crim. P. 52(a).  Any potential error here does not affect Mr. Isaacs's substantial rights — in fact, raising this issue on appeal risks a potential increase to his existing sentence.  But the court did not lack the authority to vacate the jail sanction.  Mr. Isaacs characterizes the jail sanction as a revocation of supervised release, 18 U.S.C. § 3583(e)(3), when in fact the jail sanction was a modification of Mr. Isaacs's supervised release, id. § 3583(e)(2).[3]  I R. 52–55 (referring to the jail sanction as a modification).  Therefore, the subsequent revocation of Mr. Isaacs's initial period of supervised release under § 3583(e)(3), and resentencing of Mr. Isaacs to 24 months' imprisonment and 36 months' supervised release, replaced his previous

---

[2] A condition of Mr. Isaacs's supervised release was that he commit no additional federal, state, or local crimes.  I R. 15.

[3] Mr. Isaacs also argues the jail sanction was invalid.  Aplt. Br. at 11–12.  We need not reach this issue because the district court properly vacated it.

period of supervised release and its modifications including the jail sanction.  I R. 82–84.[4]

We DISMISS the appeal and GRANT counsel's motion for leave to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[4] We note that the district court vacated the jail sanction upon Mr. Isaacs's hearing counsel's specific request, II R. 22–23, 27, and the invited-error doctrine likely forecloses this issue on appeal.  See United States v. Moore, 30 F.4th 1021, 1024 (10th Cir. 2022).